UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL AWALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO: 1:15-CV-0212 |
| ) | |
| HOLY FAMILY CATHOLIC CHURCH, ) | |
| NEW ALBANY, INC. and DIOCESE ) | |
| OF FORT WAYNE-SOUTH BEND, INC. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Daniel Awald, hereinafter Plaintiff, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files his Complaint against the Defendants, Holy Family Catholic Church, New Albany, Inc. and Diocese of Fort Wayne-South Bend, Inc., hereinafter Defendant and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to 28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and violation of the Family Medical Leave Act of 1993, 29 U.S.C. §2601 et seq. ("FMLA").

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over any state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over any state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff is a 57 year old male citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title.

5. At all times relevant hereto, Plaintiff was an "employee" as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(f), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(i).

6. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

7. At all times relevant hereto, both of the Defendant were an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(b)(2), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(h).

8. Defendant is an Indiana non-profit domestic corporation registered with the Indiana Secretary of State.

9. Defendant has more than twenty five (25) employees.

## ADMINISTRATIVE PROCEDURES

10. On or about February 20, 2014, Plaintiff filed timely charges of Age and Disability Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 24M-2015-00099.

11. On or about May 15, 2015, Plaintiff received a Notice of Right to Sue from the EEOC for Charge Number 24M-2015-00099, entitling him to commence action within ninety (90) days of his receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

12. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

13. The Defendant hired Plaintiff on or about October 7, 2002.

14. Throughout his employment Plaintiff met or exceeded Defendant's legitimate expectations of performance.

15. On March 6, 2014 Plaintiff suffered a heart attack.

16. The Plaintiff returned to work two (2) weeks after his heart attack.

17. Throughout 2014 the Plaintiff had numerous doctor appointments associated with his heart condition.

18. Plaintiff was given four (4) weeks of vacation, three (3) personal days and two (2) sick days per year.

19. For each absence due to a doctor's appointment the Plaintiff provided a doctors excuse.

20. On December 8, 2014 the Plaintiff became ill after arriving at work.

21. The Plaintiff notified the secretary for the Defendant that he was ill and going home.

22. On December 9, 2014 Plaintiff called and spoke to the secretary again notifying her he was still ill and would return to work on December 10, 2014.

23. The Defendant called Plaintiff back on December 9, 2014 and advised him to take the remainder of the week off due to other ill employees returning back to work too soon.

24. On December 15, 2014 Plaintiff was still ill; he called and notified the Defendant.

25. Plaintiff returned to work on December 16, 2014.

26. Upon returning to work Plaintiff was terminated.

27. Defendant advised Plaintiff he was being terminated due to his "age & health."

## COUNT I

## DISCRIMINATION ON THE BASIS OF AGE

28. Plaintiff hereby incorporates by reference paragraphs 1 through 27 as though previously set out herein.

29. Plaintiff is fifty seven (57) years old.

30. Defendant stated to Plaintiff that he was being terminated due to his age.

31. Plaintiff had zero write ups or disciplinary issues during his long tenure of employment with the Defendant.

32. Defendant intentionally terminated Plaintiff's employment due to his age.

33. By the conduct described hereinabove, the Defendant willfully and intentionally, with malice or reckless disregard of the Plaintiff's rights as an employee over the age of forty (40), engaged in unlawful and discriminatory employment practices, materially affecting

and altering the terms and conditions of the Plaintiff's employment, in violation of Title VII.

34. Plaintiff has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## **COUNT II**

### **DISCRIMINATION ON THE BASIS OF DISABILITY**

35. Plaintiff hereby incorporates by reference paragraphs 28 through 34 as though previously set out herein.

36. Plaintiff suffered a heart attack.

37. The Plaintiff had frequent appointments related to his disability after his heart attack.

38. Plaintiff was ill even after his heart attack.

39. The Defendant was aware of the Plaintiff's disability and illness.

40. The Defendant stated that the Plaintiff's employment was terminated due to his "health."

41. The Defendant intentionally terminated the Plaintiff due to his disability.

42. By the conduct described hereinabove, the Defendant willfully and intentionally, with malice or reckless disregard of the Plaintiff's rights as an employee with a disability, engaged in unlawful and discriminatory employment practices, materially affecting and altering the terms and conditions of the Plaintiff's employment, in violation of the Americans with Disabilities Act and Title VII.

43. Plaintiff has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT III

## VIOLATION OF RIGHTS UNDER FMLA

44. Plaintiff hereby incorporates by reference paragraphs 35 through 43 as though previously set out herein.

45. Due to his illness and disability the Plaintiff was off of work for more than three (3) days.

46. Upon Information and belief Defendant employees more than fifty (50) employees.

47. The Defendant failed to notify Plaintiff of his rights under the Family Medical Leave Act ("FMLA").

48. The Plaintiff was harmed due to Defendant's failure to inform Plaintiff of his rights to benefits under the FMLA.

49. Plaintiff was not able to exercise his rights under FMLA.

50. Defendant terminated Plaintiff in lieu of allowing him to use FMLA benefits.

51.  By the conduct described hereinabove, the Defendant willfully and intentionally, with malice or reckless disregard of the Plaintiff's rights as an employee with a disability, engaged in unlawful and discriminatory employment practices, materially affecting and altering the terms and conditions of the Plaintiff's employment, in violation of the Family Medical Leave Act.

52. Plaintiff has suffered emotional and economic damages as a result of Defendant's unlawful actions

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and:

a. Order Defendants to pay his lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide all other legal and/or equitable relief this Court sees fit to grant.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ Heather R. Falks
Heather R. Falks 29907-41
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff